No 242 (12-11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

2012 NOV 23  AM 10: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

)
)
RICHARD BEN GLAWSON   92445-020 )
_Petitioner_ )
)
v. )   Case No. 5:12-CV-647-OC-33PRL
)        _(Supplied by Clerk of Court)_
)
)
)
CHARLES L. LOCKETT )
_Respondent_ )
(name of warden or authorized person having custody of petitioner) )

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

(a)  Your full name:   RICHARD BEN GLAWSON

(b)  Other names you have used:   NONE

Place of confinement:

(a)  Name of institution:   FEDERAL CORRECTIONAL COMPLEX · UNITED STATES PENITENTIARY-2

(b)  Address:   POST OFFICE BOX 1034

COLEMAN, FLORIDA 33521-0879

(c)  Your identification number:

3.  Are you currently being held on orders by:

☒ Federal authorities        ☐ State authorities        ☐ Other - explain:

4.  Are you currently:

☐ A pretrial detainee (waiting for trial on criminal charges)

☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

If you are currently serving a sentence, provide:

(a)  Name and location of court that sentenced you:   UNITED STATES DISTRICT COURT
GEORGIA MIDDLE DISTRICT (MACON)

(b)  Docket number of criminal case:   5 05-cr-00013-CAR-CHW

(c)  Date of sentencing:   MARCH 13, 2008

☐ Being held on an immigration charge

☐ Other (explain):   CONVICTED IN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT
OF GEORGIA (MACON) ON A SEVEN COUNT SUPERSEDING CRIMINAL INDICTMENT

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

☒ Other *(explain)*:    FACTUAL INNOCENCE JURISDICTION, FIFTH AMENDMENT

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    N/A

(b)  Docket number, case number, or opinion number:    N/A

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
N/A

(d)  Date of the decision or action:

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes              ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   UNITED STATES COURT OF APPEALS FOR
THE ELEVENTH CIRCUIT

(2)  Date of filing:   MARCH 14, 2008

(3)  Docket number, case number, or opinion number:   08-1197-C

(4)  Result:   AFFIRMED

(5)  Date of result:   SEPTEMBER 8, 2009

(6)  Issues raised:   DID THE DISTRICT COURT ERROR IN ADMITTING DRUG EVIDENCE
THAT LACKED FOUNDATION AS THE GOVERNMENT FAILED TO ADDRESS
MAJOR BREAKS IN THE CHAIN OF CUSTODY

(b) If you answered "No," explain why you did not appeal:

8.    Second appeal

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒Yes                ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   UNITED STATES SUPREME COURT

(2) Date of filing:   NOVEMBER 18, 2009

(3) Docket number, case number, or opinion number:   04-8036

(4) Result:   AFFIRMED

(5) Date of result:   JANUARY 28, 2010

(6) Issues raised:   THE DISTRICT ERRED BY LIMITING THE APPELLANT'S EXAMINATION REGARDING THE DISCHARGE FOR NEGLIGENCE OF A CRIME LAB TECHNICIAN WHO HANDLES DRUG EVIDENCE

(b) If you answered "No," explain why you did not file a second appeal:

9.    Third appeal

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐Yes                ☒No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   N/A

(2) Date of filing:   N/A

(3) Docket number, case number, or opinion number:   N/A

(4) Result:   N/A

(5) Date of result:   N/A

(6) Issues raised:   N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:   N/A

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes          ☒ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes          ☐ No

If "Yes," provide:

(1) Name of court: UNITED STATES DISTRICT COURT GEORGIA MIDDLE DISTRICT (MACON)

(2) Case number: 5:10-CV-90089

(3) Date of filing: SEPTEMBER 27, 2010

(4) Result: DENIED

(5) Date of result: DECEMBER 21, 2011

(6) Issues raised: INEFFECTIVE ASSISTANCE OF COUNSEL

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Case number: N/A

(3) Date of filing: N/A

(4) Result: N/A

(5) Date of result: N/A

(6) Issues raised: N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:   _SEE MEMORANDUM OF LAW_

## 11.    Appeals of immigration proceedings

Does this case concern immigration proceedings?

❏ Yes            ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody:    N/A

(b)    Date of the removal or reinstatement order:    N/A

(c)    Did you file an appeal with the Board of Immigration Appeals?

❏ Yes            ❏ No

If "Yes," provide:

(1) Date of filing:    N/A

(2) Case number:    N/A

(3) Result:    N/A

(4) Date of result:    N/A

(5) Issues raised:    N/A

(d)    Did you appeal the decision to the United States Court of Appeals?

❏ Yes            ☒ No

If "Yes," provide:

(1) Name of court:    N/A

(2) Date of filing:    N/A

(3) Case number:    N/A

Case 5:12-cv-00647-VMS-PRL   Document 1   Filed 11/23/12   Page 6 of 30 PageID 6

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _N/A_____

(5) Date of result: _N/A_____

(6) Issues raised: _N/A_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes   ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _N/A_____

(b) Name of the authority, agency, or court: _N/A_____

(c) Date of filing: _N/A_____

(d) Docket number, case number, or opinion number: _N/A_____

(e) Result: _N/A_____

(f) Date of result: _N/A_____

(g) Issues raised: _N/A_____

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE:  _FIFTH AMENDMENT / JURISDICTIONAL_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U S C § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE MEMORANDUM OF LAW

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes        ☒ No

**GROUND TWO:** ___ FACTUAL INNOCENCE ___

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE MEMORANDUM OF LAW

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes        ☒ No

**GROUND THREE:** ___ APPLICANT WAS NOT PROPERLY AND LEGALLY INDICTED AND TRIED ___

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

SEE MEMORANDUM

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes        ☒ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

GROUND FOUR:   JURISDICTION

(a) Supporting facts (Be brief. Do not cite cases or law.):

SEE MEMORANDUM OF LAW

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes    ☒ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not:    JUST FOUND EVIDENCE FROM THE FREEDOM OF INFORMATION TO PROVE
CLAIM

## Request for Relief

15. State exactly what you want the court to do:   WHEREFORE, PETITIONER PRAYS THAT THIS COURT
ENTER AN ORDER AUTHORIZING PETITIONER'S RELEASE FROM INVOLUNTARY PLACEMENT AT THE
F.C.C. U.S.P. COLEMAN 2 OR ISSUE A WRIT OF HABEAS CORPUS COMMANDING WARDEN CHARLES L. LOCKETT
OF THE F.C.C. U.S.P COLEMAN 2 TO PRODUCE THE BODY OF YOUR PETITIONER BEFORE THIS HONORABLE
COURT FOR A HEARING ON THIS PETITION FOR WRIT OF HABEAS CORPUS, AND APPOINT THE OFFICE OF THE
PUBLIC DEFENDER OR OTHER COUNSEL TO REPRESENT YOUR PETITIONER IN THESE PROCEEDING; AND
FOR SUCH AND FURTHER RELIEF AS THE NATURE OF THIS CAUSE MAY REQUIRE

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

11 9 12

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 11 9 12

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

A

## Official Report



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**
DOFS Case #: | 2003-4002446
Report Date: | 6/25/2003

**Requested Service:** Assorted Material - Drug Identification
  **Agency:** Bibb Co. Sheriff's Office
  **Agency Ref#:** B0319511
  **Requested by:** J. Whitehead

**Case Subjects:**
  Suspect: Terry Butler

**Evidence:**
  The laboratory received the following evidence for analysis from the submitting agency on 06/05/2003 via Lockbox.
  | 001 | Evidence for Chemistry analysis |
  | 001A | Sealed package(s) containing solid material |
  | 001B | Sealed package(s) containing leafy material |

**Examinations Performed:**
  Evidence Submission #001A
    Electronic balance and/or mechanical scale
    Gas chromatography/Mass spectrometry
    Thin layer chromatography
  Evidence Submission #001B
    Electronic balance and/or mechanical scale
    Gas chromatography/Mass spectrometry
    Microscopy

**Results and Conclusions:**
  Evidence Submission #001A
    positive for cocaine in the sample tested, Schedule II, net weight of total sample: 13.65 grams (+/- 0.03 gram)
  Evidence Submission #001B
    positive for marijuana in the sample tested, net weight of total sample: 28.03 grams, (+/- 0.03 gram), less than 1 ounce

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret R. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

Related Agencies:
  Bibb Co. District Attorney

Report Date: 06/25/2003
Report Id: YX7U30YY0T7WI4



EXHIBIT

b

## Official Report



**Division of Forensic Sciences**

**Georgia Bureau of Investigation**

**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**

**DOFS Case #:**  2003-4002728
**Report Date:**  7/8/2003



**Requested Service:** Solid Material - Drug Identification
    **Agency:** Bibb Co. Sheriff's Office
    **Agency Ref#:** B0319511
    **Requested by:** J. Whitehead

**Case Subjects:**
    Suspect: Terry Butler
**Evidence:**
    The laboratory received the following evidence for analysis from the submitting agency on 05/24/2003 via Lockbox.
    001    Sealed package(s) containing solid material

**Examinations Performed:**
    Evidence Submission #001
        Electronic balance and/or mechanical scale
        Gas chromatography/Mass spectrometry
        Thin layer chromatography

**Results and Conclusions:**
    Evidence Submission #001
        positive for cocaine in the sample tested, Schedule II, net weight of total sample: 23.41 grams (+/- 0.03 gram)

---

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret P. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

**Related Agencies:**
    Bibb Co. District Attorney

## End of Official Report

Print Date: 07/08/2003
Report ID: YA/UJ0ZH0LSYZE



E X H I B I T   C

## Official Report



**Division of Forensic Sciences**

**Georgia Bureau of Investigation**

**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**
DOFS Case #: 2003-4002729
Report Date: 7/8/2003

**Requested Service:** Solid Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref#: B0319511
Requested by: J. Whitehead

**Case Subjects:**
Suspect Terry Butler

**Evidence:**
The laboratory received the following evidence for analysis from the submitting agency on 06/24/2003 via Lockbox.
001   Sealed package(s) containing solid material

**Examinations Performed:**
Evidence Submission #001
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
Thin layer chromatography

**Results and Conclusions:**
Evidence Submission #001
positive for cocaine in the sample tested, Schedule II, net weight of total sample: 10.76 grams (+/- 0.03 gram)

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret R. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

**Related Agencies:**
Bibb Co. District Attorney

## End of Official Report

EXHIBIT 13

## Official Report



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

Central Regional Lab
DOFS Case #: 2003-4002446
Report Date: 7/14/2005

Requested Service: Solid Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref #: B0319511
Requested by: J. Whitehead

Case Individuals:
Subject AKA: Terry Butler
Subject: Richard Ben Glawson

Evidence:
The laboratory received the following evidence for analysis from the submitting agency on 06/05/2003 via Lockbox.
001A        Sealed package(s) containing solid material. On 6/30/05 item 001A was resubmitted for additional testing.

Examinations Performed:
Evidence Submission #001A
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
High Performance Liquid Chromatography
Infrared spectroscopy

Results and Conclusions:
Evidence Submission #001A
Positive for cocaine in the sample tested
Schedule II
Net weight of total sample: 10.37 gram(s) +/- 0.03 gram(s)
Analysis shows cocaine base

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) and fire debris extracts will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

Dustin A. Collins
Forensic Chemist
478-752-1564

CC:

Related Agencies:
Macon Judicial Circuit
Bibb Co. District Attorney
US Attorney's Office-Macon

047

C003

**Official Report**



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**
DOFS Case #: 2003-4802728
Report Date: 7/14/2005

Requested Service: Solid Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref#: B0319511
Requested by: J. Whitehead

Case Individuals:
Subject AKA: Terry Butler
Subject: Richard Ben Glawson

Evidence:
The laboratory received the following evidence for analysis from the submitting agency on 08/24/2003 via Lockbox.
001     Sealed package(s) containing solid material. On 6/30/05 item 001 was resubmitted for additional testing.

Examinations Performed:
Evidence Submission #001
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
High Performance Liquid Chromatography
Infrared spectroscopy

Results and Conclusions:
Evidence Submission #001
Positive for cocaine in the sample tested
Schedule II
Net weight of total sample: 18.71 gram(s) +/- 0.03 gram(s)
Analysis shows cocaine base.

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) and fire debris extracts will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

Dustin A. Collins
Forensic Chemist
478-752-1564

CC:

Related Agencies:
Macon Judicial Circuit
Bibb Co. District Attorney
US Attorney's Office-Macon

048

004

**Official Report**



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

Dan Kirk
Deputy Director

Central Regional Lab
DOFS Case #: 2003-4002729
Report Date: 7/14/2005

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Requested Service:** Solid Material - Drug Identification
**Agency:** Bibb Co. Sheriff's Office
**Agency Ref#:** 80319511
**Requested by:** J. Whitehead

**Case Individuals:**
Subject AKA: Terry Butler
Subject: Richard Ben Glawson

**Evidence:**
The laboratory received the following evidence for analysis from the submitting agency on 06/24/2003 via Lockbox.
001     Sealed package(s) containing solid material.  On 6/30/05 item 001 was resubmitted for additional testing.

**Examinations Performed:**
Evidence Submission #001
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
High Performance Liquid Chromatography
Infrared spectroscopy

**Results and Conclusions:**
Evidence Submission #001
Positive for cocaine in the sample tested
Schedule II
Net weight of total sample: 7.96 gram(s) +/- 0.03 gram(s)
Analysis shows cocaine base.

Only those items discussed in the results above were analyzed for this report.  The above represents the interpretations/opinions of the undersigned analyst.  Evidence analyzed in this report will be returned to the submitting agency.  Biological evidence (body fluids and tissues) and fire debris extracts will be destroyed after one year.  This report may not be reproduced except in full without written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

Dustin A. Collins
Forensic Chemist
478-752-1964

CC:

**Related Agencies:**
Macon Judicial Circuit
Bibb Co.  District Attorney
US Attorney's Office-Macon

046

002

EXHIBIT: G

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:05-CR-13 (WDO) |
|---|---|---|
| | : | |
| v. | : | VIOLATION:  21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 841(b)(1)(B)(iii) |
| RICHARD BEN GLAWSON | : | 21 U.S.C. § 841(b)(1)(C) |
| | : | 21 U.S.C. § 841(b)(1)(D) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | 18 U.S.C. § 924(a)(2) |
| | : | 18 U.S.C. § 751(a) |
| | : | 18 U.S.C. § 2 |
| ——————————————— | : | |

THE GRAND JURY CHARGES:

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE

That on or about June 3, 2003, in the Macon Division of the Middle District of

Georgia,

**RICHARD BEN GLAWSON**

aided and abetted by others unknown to the Grand Jury, did unlawfully, knowingly, willfully

and intentionally distribute a Schedule II controlled substance, to-wit: a mixture and

substance containing cocaine base, also known as "crack" cocaine, all in violation of Title

21, United States Code, Sections 841(a)(1), 841 (b)(1)(C) and Title 18, United States

Code, Section 2.

## COUNT TWO

That on or about June 4, 2003, in the Macon Division of the Middle District of Georgia,

### RICHARD BEN GLAWSON

aided and abetted by others unknown to the Grand Jury, did unlawfully, knowingly, willfully and intentionally distribute a Schedule I controlled substance, to-wit: marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT THREE

That on or about June 20, 2003, in the Macon Division of the Middle District of Georgia,

### RICHARD BEN GLAWSON

aided and abetted by others unknown to the Grand Jury, did unlawfully, knowingly, willfully and intentionally distribute a Schedule II controlled substance, to-wit: more than 5 grams of a mixture and substance containing cocaine base, also known as "crack" cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(B)(iii) and Title 18, United States Code, Section 2.

## COUNT FOUR

That on or about June 23, 2003, in the Macon Division of the Middle District of Georgia,

### RICHARD BEN GLAWSON

aided and abetted by others unknown to the Grand Jury, did unlawfully, knowingly, willfully and intentionally distribute a Schedule II controlled substance, to-wit: more than 5 grams of a mixture and substance containing cocaine base, also known as "crack" cocaine, all in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(B)(iii) and Title 18, United States Code, Section 2.

## COUNT FIVE

That on or about November 30, 2004, in the Macon Division of the Middle District of Georgia,

### RICHARD BEN GLAWSON

aided and abetted by others unknown to the Grand Jury, did unlawfully, knowingly, willfully and intentionally possess with the intent to distribute a Schedule I controlled substance, to-wit: marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT SIX

That on or about July 3, 2003 in the Macon Division of the Middle District of Georgia,

### RICHARD GLAWSON,

defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowing receive and possess a firearm which had previously been shipped and transported in interstate commerce, to wit: one Smith and Wesson 9mm

pistol, serial number A618307; all in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## COUNT SEVEN

That on or about December 25, 2006, in the Macon Division of the Middle District of Georgia,

### RICHARD BEN GLAWSON

aided and abetted by others known and unknown to the Grand Jury, did unlawfully, escape from custody while housed at the Bibb County Law Enforcement Center in which he had been lawfully confined by virtue of the order from a Judge of the United States District Court for the Middle District of Georgia; all in violation of Title 18, United States Code, Section 751(a).

A TRUE BILL.

_____
s/FOREPERSON OF THE GRAND JURY

PRESENTED BY:

_____
CHARLES L. CALHOUN
ASSISTANT UNITED STATES ATTORNEY

*Filed in open court this* ___/6 th___ *day of*

___m___ *A.D. 20_ 0 7*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
*Clerk*

EXHIBIT : H

**Plaintiff**

**UNITED STATES OF AMERICA**                    represented by **Charles L. Calhoun**
PO BOX 1702
MACON, GA 31202-1702
478-752-3511
Email: charles.calhoun@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2005 | 1 | INDICTMENT as to Richard Ben Glawson (1) count(s) 1, 2. (ans, ) (Entered: 02/18/2005) |
| 03/07/2005 | 2 | CJA 20 as to Richard Ben Glawson: Appointment of Attorney Fred I. Graham for Richard Ben Glawson. Signed by Judge Claude W. Hicks Jr. on 3/7/05. (mjw, ) (Entered: 03/07/2005) |
| 03/07/2005 | 3 | Minute Entry for proceedings held before Judge Claude W. Hicks Jr.:Arraignment. Defendant pled not guilty to all counts as to Richard Ben Glawson (1) Count 1,2 held on 3/7/2005, Attorney Appointment Hearing as to Richard Ben Glawson held -Fred Graham appointed; Bond Hearing as to Richard Ben Glawson held on 3/7/2005,Bond Set at $15,000 unsecured; Initial Appearance as to Richard Ben Glawson held on 3/7/2005 (Court Reporter electronic recording.) (mjw, ) (Entered: 03/07/2005) |
| 03/07/2005 | 4 | STANDARD PRETRIAL ORDER as to Richard Ben Glawson . Signed by Judge Claude W. Hicks Jr. on 3/7/05. (Hicks, Claude) (Entered: 03/07/2005) |
| 03/07/2005 | | Arrest of Richard Ben Glawson (ans, ) (Entered: 03/08/2005) |
| 03/07/2005 | 6 | NOTICE of Estimated Sentencing Guidelines as to Richard Ben Glawson Range of between 262 and 327 months. (ans, ) (Entered: 03/08/2005) |
| 03/07/2005 | 7 | Minute Entry for proceedings held before Judge Claude W. Hicks Jr.:Plea entered by Richard Ben Glawson Not Guilty on counts all counts. (Court Reporter electronic court recorder.) (ans, ) (Entered: 03/08/2005) |
| 03/07/2005 | 8 | ORDER Setting Conditions of Release as to Richard Ben Glawson (1) $15,000 Unsecured . Signed by Judge Claude W. Hicks Jr. on 03/07/05. (ans, ) Additional attachment(s) added on 4/30/2007 (nop, ). Modified on 4/30/2007 (nop, ). (Entered: 03/08/2005) |
| 03/07/2005 | 9 | Appearance Bond Entered as to Richard Ben Glawson in amount of $ $15,000 Unsecured, (ans, ) (Entered: 03/08/2005) |
| | | |

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

—————————————x

RICHARD BEN GLAWSON
APPLICANT

CASE NO. 5:12-CV-647-OC-33PRL

v

CHARLES L. LOCKETT
RESPONDENT

—————————————v

MEMORANDUM OF LAW IN SUPPORT OF

PETITIONER'S APPLICATION UNDER 28

U.S.C § 2241 FOR WRIT OF HABEAS CORPUS

Petitioner moves for release on the grounds Petitioner was not properly and legally Indicted and Tried, Fifth Amendment was violated and the Courts have no Jurisdiction. The facts that support Petitioner grounds will be discussed in greater detail below

PRELIMINARY STATEMENT AND

STATEMENT OF SUBJECT MATTER

This is an Application to the court for a Writ of Habeas Corpus (2241) to relieve Petitioner Richard Ben Glawson from the custody of Federal Bureau of Prisons Warden Charles L. Lockett for Federal Correctional Complex United States Penitentiary Coleman-2.

FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2002, the State of Georgia Bureau of Investigation Division of Forensic Science Laboratory received evidence (see EXHIBIT A) for analysis for case suspect Terry Butler. The results and conclusion were positive for cocaine.

On June 24, 2002, the State of Georgia Bureau of Investigation Division of Forensic Science Laboratory received evidence (see EXHIBIT B and EXHIBIT C) for analysis for case suspect Terry Butler. The results and conclusion were also positive for cocaine.

A unsigned criminal indictment was filed in Open Court on February 17, 2005 (see EXHIBIT D) for Distribution of Crack. No grand jury ever heard any evidence for the indictment because there was no evidence to be put in front of the grand jury concerning Petitioner

ARGUMENT

GROUND ONE

FIFTH AMENDMENT / JURISDICTIONAL

Fifth Amendment requires Federal Government to use grand jury to initiate prosecution. Campbell v Louisiana, 523 US 392, 140 L Ed 2d 551, 118 S Ct 1419, 98 C DOS 2945, 98 (1998), Daily Journal Dar, 4026, 1998 Colo JC AR 1950, 11 FLW Fed. 466.

Purpose of Fifth Amendment requirement of presentment of indictment to grand jury is to limit persons jeopardy to offenses charged by a group of his fellow citizens, acting independently of either prosecutor or judge see United States v. Basurto, (1974 CA 9 Ariz) 497 F 2d 781

Indictment shields accused from unwarranted and unfounded charges of involvement in serious crimes by interposing independent judgment of grand jury in accordance with Fifth Amendment's guarantee that prosecution for "infamous crimes" may only be commenced by grand jury indictments, see United States v Radowitz, 507 F 2d 109 (1974 CA 3 NJ)

3

The evidence that was sent to the State of Georgia Bureau of Investigation Division Forensic Science Laboratory on June 5, 2003 and June 24, 2003, for analysis (Case Suspect Terry Butler) were tested positive COCAINE.

A Criminal Indictment was filed in Open Court. The grand jury never heard any evidence for the indictment because there was no evidence to be put in front of the grand jury.

GROUND TWO

FACTUAL INNOCENCE

Indeed, a grand jury belongs to no branch of the institutional government, but rather serves as a kind of buffer or referee between the government and the people, see *United States v. Williams*, 504 U.S. 36, 47, 118 L. Ed. 2d 352, 112 S. Ct. 1735 (1992). Thus, it would be inappropriate for a Court to speculate as to whether a grand jury might have returned an indictment in conformity with the available evidence, because such an exercise would work the harm the grand jury clause is intended to prevent — a federal prosecution begun by arms of the government without the consent of the fellow citizens, *United States v. Doe*, 297 F.3d 76 (2nd Cir 2002)(Defendant has a Fifth Amendment right to a grand jury indictment). Grand juries role is that of an investigative and accusatorial body unimpeded by the evidentiary and procedural restrictions applicable to a criminal trial, see *United States v. Waldon*, 363 F.3d 1103 (11th Cir 2004)

The evidence that was in the possession of the Georgia Bureau of Investigation Division had nothing to do with Petitioner. The evidence only concerned Terry Butler (case suspect). Second the evidence tested positive for cocaine (see EXHIBIT A, B and C) A unsigned indictment was filed in Open Court on February 17, 2005 (see EXHIBIT G) for Distribution of Crack. Years after the first laboratory analysis and the indictment is when the analysis at the laboratory changed their results and said that it was not cocaine, it was crack (see EXHIBIT D, E and F). The laboratory analysis for the First results (see EXHIBIT A, B and C) was fired for misconduct, the case agent in charge of the alleged investigation was killed, so Petitioner was unable to find out how the case agent came in possession of the evidence or how the evidence changed from Cocaine to Crack.

## GROUND THREE

### APPLICANT WAS NOT PROPERLY

### AND LEGALLY INDICTED AND TRIED

Arrest pursuant to a grand jury indictment may violate the Fourth Amendment if the grand jury was misled or experienced undue pressure, see Mastroianni v. Bowers, 160 F3d 671 (11th Cir. 1998), Thompson v. Calderon, 109 F3d 1358 (9th Cir. 1996)(Prosecutor may not obtain criminal conviction through use of false evidence). Evidence is unfairly "prejudicial" if it will induce the jury to decide the case on an improper basis rather than on the evidence presented, see United States v. Miles, 207 F3d 988 (7th Cir. 2000)

## GROUND FOUR

### JURISDICTION

For purpose of vesting the court with jurisdiction, however an indictment results when the grand jury votes on it, not when it is filed, see People v. Brancoccio 83 NY2d 638, 612 NY2d 353, 634 NE 2d 954. (19-94 NY Lexis 1072)

The grand jury Foreperson never returned "A True Bill" indictment in open court with the Magistrate and the Clerk never made record of such proceeding (see Exhibit "H") The entire grand jury must return an indictment in open court otherwise it is void, and the Court has no jurisdiction, see United States v. Breese, 226 U.S. 1 (1912)

Petitioner is being held in violation of the Fifth Amendment was held to answer an infamous crime without the Grand Jury returning "A True Bill" indictment.

7

## CONCLUSION

WHEREFORE, Petitioner prays that this Court enter an Order Authorizing Petitioner's release from involuntary placement at the Federal Correctional Complex United States Penitentiary Coleman 2 or issue a writ of Habeas Corpus commanding Warden Charles L. Lockett of the Federal Correctional Complex United States Penitentiary Coleman 2 to produce the body of your Petitioner before this Honorable Court for a hearing on this Petition for Writ of Habeas Corpus, and appoint the office of the Public Defender or other Counsel to represent your Petitioner in these proceedings, and for such and further relief as the nature of this cause may require.

_____                    _____
DATE                                        PETITIONER


## AFFIDAVIT

I HEREBY CERTIFY that the above stated matters in the Petition for Writ of Habeas Corpus are true and correct to the best of my information, knowledge and belief.

                                            _____
                                            PETITIONER